**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CR860 HEA |
| | ) | |
| DENNIS BRIAN KLOPFENSTEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This case is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), [Doc. No. 76]. Counsel entered her appearance on behalf of Defendant and filed a Notice of Intent not to file Supplemental Motion. The United States did not reply to Defendant's Motion. For the reasons set forth below, the Motion is denied.

**Background**

On August 26, 2019, Defendant pleaded guilty to one count of mailing a threatening communication in violation of 18 U.S.C. §§ 876(c). Defendant's conviction was based on his conduct on October 25, 2017. On that date, while he was incarcerated at South Central Correctional Center, Defendant wrote and mailed in the United States Postal Service a card containing threats to kidnap or

injure the addressee and his family. At the time Defendant sent this note, he was incarcerated for aggravated stalking of the addressee's son.

The Court sentenced Defendant to 30 months imprisonment followed by a three-year term of supervised release. Defendant is presently serving his sentence at Sheridan FCI, with a projected release date of April 17, 2021. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited April 12, 2021).

**Defendant's Motion**

On September 28, 2020, Defendant filed his motion for compassionate release. Therein, Defendant states that he tested positive for COVID-19 on August 21, 2020 but "survived and recovered." In support of the motion, Defendant argues that he is not getting adequate mental health care in the BOP and that he has a painful and decomposing molar due to his tooth not holding temporary fillings. Defendant also states that his grandmother is 95 and "fading away" and that he needs to be with her in her last days. Finally, Defendant states that he has a home plan with his mother and reports that he has had no disciplinary issues while incarcerated.

**Discussion**

Under Section 603(b) of the First Step Act, effective December 21, 2019, an

inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, Defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

The First Step Act requires a defendant to petition the Bureau of Prisons for release before he can petition the court directly. 18 U.S.C. § 3582(c)(1)(A)(i). Defendant bears the burden of showing that he exhausted his administrative remedies with the Bureau of Prisons before filing a compassionate-release motion. *United States v. Kinley*, No. 1:16-CR-10018-003, 2020 WL 2744115, at *2 (W.D. Ark. Apr. 17, 2020). Defendant made no showing that he petitioned the warden regarding compassionate release, thus the Court cannot find that he fulfilled the procedural prerequisites for judicial review.

Even if Defendant had properly shown that he petitioned the BOP as required under the First Step Act, he has not established extraordinary and

compelling reasons to support his release. In evaluating a defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline 1B1.13,[1] which governs compassionate release

---

1 Sentencing Guidelines section 1B1.13 and its Application Note 1 have not been amended to reflect the changes made by the First Step Act, because the United States Sentencing Commission has not had a quorum since the passage of the Act. Guidelines Section 1B1.13 appears inconsistent with the amended statute because it requires the BOP Director to make a motion for compassionate release. Application Note 1 appears inconsistent with the new law because its list of specific reasons that could justify compassionate release (medical condition, age, family circumstances) are not required by the statute and its catch-all "other reasons" subsection requires the BOP Director to determine what are "extraordinary and compelling" reasons. Based on interpretation of the statute's language, several of the U.S. Circuit Courts of Appeals and district courts have found the guideline is inapplicable to First Step Act motions filed by prisoners and does not limit the factors a district court may consider. See United States v. McCoy, 981 F.3d 271, 281-82 (4th Cir. 2020) (citing cases).

The Eighth Circuit Court of Appeals has not yet articulated the extent of a district court's discretion under the First Step Act to determine whether extraordinary and compelling reasons exist for compassionate release, but it has recognized that such discretion exists. See United States v. Rodd, 966 F.3d 740, 746-47 & n.7 (8th Cir. 2020). The Second Circuit Court of Appeals examined the First Step Act in depth in United States v. Brooker (Zullo), 976 F.3d 228 (2d Cir. 2020). The district court denied defendant Zullo's motion for compassionate release relying on Guideline § 1B1.13, "which seemingly still required a motion by the BOP." Id. at 234. The Second Circuit analyzed the First Step Act's language and held it allows courts independently to determine what reasons, for purposes of compassionate release, are "extraordinary and compelling," id. at 236, and that Guidelines § 1B1.13 Application Note 1(D) applies *only* where a First Step Act motion is filed by the BOP. Id. at 230, 236. The Second Circuit concluded "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." Id. at 237.

The Second Circuit also observed, "It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." Id. at 237. "Beyond this, a district court's discretion in this area—as in all sentencing matters—is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation ... *alone* shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added)." Id. at 237-28 (internal citation and footnote omitted).

reductions, provides some specific examples, including:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,

---

The Sixth Circuit Court of Appeals followed the Second Circuit and held that the First Step Act's passage rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020) (citing Brooker, 976 F.3d at 234). The Sixth Circuit concluded, "Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id. In sum, "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." Id. at 1111.

The Seventh Circuit Court of Appeals also reached the same conclusion, holding that "Section 1B1.13 addresses motion and determinations of the [BOP] Director, not motions by prisoners." United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (citing Brooker, 976 F.3d 228). The Seventh Circuit found that "the Sentencing Commission has not yet issued a policy statement 'applicable' to [prisoners'] requests." Id. The court concluded, "Until ... § 1B1.13 is amended, ... the Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria—'extraordinary and compelling reasons'—subject to deferential appellate review." Id.

The Fourth Circuit Court of Appeals "agree[d] with the Second Circuit and the emerging consensus in the district courts: There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.' " McCoy, 981 F.3d at 284 (quoting Brooker, 976 F.3d at 230) (holding the severity of defendants' sentences as a result of "stacking" under former 18 U.S.C. § 924(c), coupled with the disparity between those sentences and the sentences they would receive today, constituted extraordinary and compelling reasons for relief under the First Step Act).

The Court believes that in the absence of an amended policy statement, 1B1.13 provides guidance for consideration. In any event, the Court's decision is based on the failure of Defendant to establish any circumstances that are extraordinary and compelling enough to warrant release, as discussed, *infra*.

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

In support of his request, Defendant cites his COVID-19 infection, which he contends was "preventable, unfair and unnecessary." He also cites his mental health issues, claiming the BOP has only allowed him to visit a doctor once and sometimes does not have his prescribed medications, as well as his dental issues

due to an unfilled molar. Defendant also cites his elderly grandmother as being near the end of her life. Finally, Defendant reports that he has demonstrated exemplary conduct while incarcerated.

The Court does not find that Defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. Having contracted COVID-19 once reduces the risk that Defendant will contract the virus again. The CDC guidance provides that while repeat cases of COVID-19 have been reported, they remain rare. *See Reinfection with COVID-19*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (Oct. 27, 2020).

Defendant offers no evidence supporting his claims that he is receiving inadequate mental health and dental care while in the BOP. Further, Defendant has not shown that he is unable to care for himself in the BOP as a result of either condition. Finally, although being incarcerated while an aged grandparent is nearing death is a sad and unfortunate situation, it does not rise to the level, legally, of an "extraordinary and compelling" reason.

Defendant's reported good behavior is commendable. However, rehabilitative efforts do not constitute extraordinary and compelling circumstances warranting defendant's release. *See* U.S.S.G. § 1B1.13, application note 3

("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.).

For the foregoing reasons, this Court finds that Defendant did not exhaust his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A)(i). Moreover, even if the Court could excuse Defendant's failure to exhaust his procedural remedies, Defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to support the requested relief.

Accordingly, the motion for compassionate release [Doc. No. 76] is **DENIED**.

Dated this 14th day of April, 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE